UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOSEN SAFAYET,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION CENTER, et al.,<br><br>Respondents. | 1:26-cv-00126-JLT-HBK (HC)<br><br>ORDER GRANTING MOTION TO APPOINT COUNSEL<br><br>(Doc. 9) |

Pending before the Court is Petitioner's motion for appointment of counsel.  (Doc. 9).  Petitioner, who currently is detained by Immigration and Customs Enforcement, is proceeding pro se on a petition for writ of habeas corpus filed under 28 U.S.C. § 2241 ("Petition") and a motion for temporary restraining order ("TRO"), both docketed on January 8, 2026.  (Docs. 1, 5).

On January 9, 2026, the district judge denied the TRO as untimely, converted the TRO to a motion for preliminary injunction, and referred the converted TRO to the undersigned.  (Doc. 4).  On January 14, 2026, the Court directed response to the Petition and the motion for preliminary injunction, set a briefing schedule, and directed service of the documents.  (Doc. 6).  On January 29, 2026, Petitioner filed a motion for appointment of counsel.  (Doc. 9).

On February 4, 2026, Respondent filed a Motion to Dismiss the Petition, arguing that

1

Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1) as an arriving alien. (Doc. 12). However, Petitioner alleges that an IJ denied him a bond hearing "on grounds of no jurisdiction" due to his mandatory detention under 8 U.S.C. § 1225(b)(2). (Doc. 1 at 11).

In light of this discrepancy as to Petitioner's status and consequent basis for detention, and given that Petitioner is proceeding *in forma pauperis*, the Court finds that the interests of justice require the appointment of counsel for Petitioner considering the complexity of the legal issues involved. *See* 18 U.S.C. § 3006A(a)(2)(B); *see also Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).

Accordingly, it is **ORDERED**:

1. Petitioner's Motion for Appointment of Counsel (Doc. 9) is GRANTED.

2. Counsel is APPOINTED for Petitioner.

3. The Clerk of Court shall serve a copy of this order on the Federal Defender, Attention: Habeas Appointment, along with a copy of the Petition.

4. No later than seven (7) days after service of this Order, the Federal Defender, as appointing authority for the Eastern District of California, SHALL:

   a. Identify counsel and send counsel's contact information to the undersigned's courtroom deputy Patricia Apodaca at papodaca@caed.uscourts.gov, who shall update the docket to reflect counsel's appointment.

   b. If counsel is not with the Federal Defender nor a member of the Eastern District of California Criminal Justice Act Panel, they may file a motion to appoint counsel as CJA counsel pro hac vice.

5. No later than twenty-one (21) days after service of this Order, counsel for Petitioner shall file any further pleadings or documents necessary for this court to rule on this matter.

6. In order to ensure this Court's jurisdiction to resolve the Petition, the Court ORDERS that Respondents shall not remove Petitioner from the United States nor transfer Petitioner out of this District. *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting court's "express authority under the All Writs Act to issue such temporary

2

injunctions as may be necessary to protect its own jurisdiction").

Dated:     February 11, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE