UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HOSEN SAFAYET,

               Petitioner,

     v.

CHRISTOPHER CHESTNUT, Warden of
California City Detention Center, et al.,

               Respondents.

Case No.  1:26-cv-00126-JLT-HBK (HC)

FINDINGS AND RECOMMENDATIONS TO
DENY RESPONDENTS' MOTION TO
DISMISS[1]

(Doc. 24)

FINDINGS AND RECOMMENDATIONS TO
GRANT AMENDED PETITION FOR WRIT
OF HABEAS CORPUS IN PART

(Doc. 23)

FIVE-DAY OBJECTION PERIOD

    Petitioner Hosen Safayet, an immigrant detainee in U.S. Immigration and Customs Enforcement custody at the California City Detention Center, proceeds through appointed counsel on his First Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  (Doc. 23).  He contends that his detention under 8 U.S.C. § 1225(b)(2),[2] as a noncitizen who "passed their credible fear interview" violates the Immigration and Naturalization Act ("INA") and that his

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2026).

[2] Petitioner *alleges* detention under § 1225(b)(2), while Respondents assert, and the undersigned finds, § 1225(b)(1)(B)(ii) governs.

continued detention without a bond hearing violates the Fifth Amendment's Due Process Clause. (*Id*. at 11-12). He seeks immediate release, alternatively, a bond hearing pursuant to 8 U.S.C. § 1226(a) with seven (7) calendar days. (*Id*. at 13).

Respondents move to dismiss,[3] contending that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(ii) and that detention is constitutional because it serves immigration-related purposes, removal remains attainable, and the detention has a definite endpoint. (Doc. 12 at 4 (citing *Demore v. Kim*, 538 U.S. 510 (2003); *Doe v. Andrews*, 2025 WL 3280777 (E.D. Cal. Nov. 25, 2025), *report and recommendation rejected,* 2026 WL 797694 (E.D. Cal. Mar. 23, 2026)). Petitioner did not oppose the motion, and the deadline to do so has passed. (*See* docket).

Petitioner, a native and citizen of Bangladesh, is detained without a bond hearing under 8 U.S.C. § 1225(b)(1) as an applicant for admission awaiting final adjudication of his asylum application. For the reasons below, the undersigned recommends that the district court deny Respondents' Motion to Dismiss and grant the Petition in part.

## I.   BACKGROUND

Petitioner entered the United States without inspection on January 8, 2025, and a Border Patrol Agent encountered him near Otay Mesa, California. (Doc. 12-1 at 1-2). Because he was apprehended within 14 days of entry and within 100 miles of a land border, officials placed him in expedited removal proceedings under 8 U.S.C. § 1225(b)(1). (*Id*. at 2; Doc. 12-3).

On February 13, 2025, after an asylum officer found that Petitioner had established a credible fear of persecution or torture, U.S. Citizenship and Immigration Services ("USCIS") issued a Notice to Appear. This notice vacated the expedited removal order under 8 C.F.R. § 208.30, charged Petitioner a removable under INA § 212(a)(7)(A)(i)(I) (alien without valid entry documents) and § 212(a)(6)(A)(i) (alien entry without inspection), and directed him to appear

---

[3] Respondents moved to dismiss the initial petition on February 4, 2026. (Doc. 12). After counsel was appointed, Petitioner filed a First Amended Petition on March 23, 2026. (Doc. 23). On March 29, 2026, Respondents moved to dismiss the First Amended Petition "for all of the same reasons stated" in their initial motion. (Doc. 24). Accordingly, unless otherwise noted, the Court cites to the initial motion for Respondent's substantive arguments.

before an Immigration Judge ("IJ").  (Doc. 12-2).

The Court's review of the Executive Office for Immigration Review ("EOIR") system shows that an IJ ordered Petitioner removed on April 22, 2026.  Petitioner appealed on May 22, 2026, and that appeal remains pending.  *See* https://acis.eoir.justice.gov/en/caseInformation (case status determined with Petitioner's A-File Number) (last visited August 11, 2026).[4]  Petitioner remains detained at the California City Detention Facility in California City, California.  (Doc. 23 at 2).

II.    APPLICABLE LAW AND ANALYSIS

Under Rule 4 of the Rules Governing Section 2254 Cases, if a habeas petition survives screening, the court must order the respondents to file an answer, motion, or other response.  R. Governing 2254 Cases 4.  A motion to dismiss is treated as a request for dismissal under Rule 4.  *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990).  The court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

A.  Jurisdiction

A district court may grant habeas relief to a person "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  District courts retain jurisdiction over habeas challenges to immigration detention that are "sufficiently independent of the merits of [a] removal order."  *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir. 2011)); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018).

B.  Claim One: Violation of the INA

Under INA § 235, an alien who arrives in or is present in the United States without admission is an "applicant for admission."  8 U.S.C. § 1225(a)(1).  "Arriving alien" means an applicant for admission coming or attempting to come into the United States at a port-of-entry, or … an alien interdicted … and brought into the United States by any means."  8 C.F.R. § 1.2; *see*

---

[4] The Court may take judicial notice of information on official government websites.  *McClure v. Ives*, 2010 WL 716193, at *3 (E.D. Cal. Feb. 26, 2010).

*also* 69 Fed. Reg. 48877 (Aug. 11, 2004), *available at* 2004 WL 1776983 (authorizing expedited removal of those "encountered within 14 days of entry without inspection and within 100 air miles of any U.S. international land border."). An applicant who expresses a fear of persecution or the intent to seek asylum must be referred to asylum officer for a credible fear interview. 8 U.S.C. §§ 1225(b)(1)(A)(i)–(ii).

If the asylum officer finds a credible fear, the applicant "shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii). If the officer finds no credible fear, the applicant is subject to removal without further hearing or review. *Id*. § 1225(b)(1)(B)(iii)(I), (IV). Release on parole is limited to urgent humanitarian reasons or significant public benefit. *Jennings v. Rodriguez*, 583 U.S.281, 288 (2018) (quoting 8 U.S.C. § 1182(d)(5)(A)).

As the *Jennings* Court explained, §§ 1225(b)(1) and (b)(2) mandate detention of applicants for admission until the relevant proceedings conclude. Neither § 1225(b)(1) nor § 1225(b)(2) establishes a time limit or provides for a bond hearing. *Id*. at 297; *see also Padilla v. U.S. Immigr. & Customs Enf't*, 704 F. Supp. 3d 1163, 1168 (W.D. Wash. 2023) ("The Attorney General [has] interpreted 8 U.S.C. § 1225(b)(1)(B)(ii) to require mandatory detention without bond hearings for asylum seekers who were initially subject to expedited removal but later transferred to full removal proceedings after establishing a credible fear.") (citing *Matter of M-S-*, 27 I. & N. Dec. 509, 515-17 (2019)).[5]

As his first claim, Petitioner alleges that his continued detention under § 1225(b)(2), following a favorable credible fear interview, and placement in removal proceedings, violates the INA. (Doc. 23 at 12). The record does not support Plaintiff's contention.

It is undisputed that Petitioner entered the United States between ports of entry without inspection and was apprehended near the border on January 8, 2025. (Doc. 12 at 1; Doc. 12-1 at 2). DHS therefore placed him in expedited removal proceedings under § 1225(b)(1). After an

---

[5] The appeal in *Padilla v. ICE*, No. 2:18-cv-00928-MJP (W.D. Wash.) remains pending before the Ninth Circuit at Case No. 24-2801. The case was argued on May 21, 2025. The appeal concerns a bond-hearing class comprised of noncitizens initially placed in expedited removal proceedings who pass credible fear screening and challenge continued detention without an individualized bond hearing.

4

asylum officer found that Petitioner established credible fear, USCIS issued a Notice to Appear, vacated the expedited removal order, charged Petitioner as removable, and placed him in removal proceedings before an IJ.  (Doc. 12-2).  Petitioner was never paroled or admitted into the United States.

Petitioner is therefore detained under § 1225(b)(1)(B)(ii), not § 1225(b)(2).  Because the statute requires detention for further consideration of asylum application after a credible fear finding, Petitioner's detention does not violate the INA.  The undersigned thus recommends the district court deny Petitioner relief on ground one of his First Amened Petition.

C.  Claim Two: Due Process

The Fifth Amendment provides that no person may be deprived of liberty without due process of law.  U.S. Const. amend. V.  Noncitizens are entitled to due process in removal proceedings, but the protections afforded them may vary with their immigration status and circumstances.  *Reno v. Flores*, 507 U.S. 292, 305 (1993*); Zadvydas v. Davis*, 533 U.S. 678, 693-94 (2001).  The Supreme Court has long recognized that detention during removal proceedings is constitutionally permissible.  *Demore v. Kim*, 538 U.S.510, 513 (2003); *Carlson v. Landon*, 342 U.S. 524, 538 (1952).

But that principle does not resolve the question presented in Petitioner's second ground. The Supreme Court distinguishes between a noncitizen who has entered the United States and an applicant for initial admission, whose constitutional protections are more limited.  *Zadvydas*, 533 U.S. at 694 ("The distinction between an alien who has effected an entry into the United States and one who has never entered runs throughout immigration law."); *Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958) ("our immigration laws have long made a distinction between those aliens who have come to our shores seeking admission ... and those who are within the United States after an entry, irrespective of its legality. In the latter instance, the Court has recognized additional rights and privileges not extended to those in the former category who are merely 'on the threshold of initial entry.'"); *Landon v. Plasencia*, 459 U.S. 21, 32 (1982) (collecting cases) ("[A]n alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application ... [H]owever, once an alien gains admission to our

country and begins to develop the ties that go with permanent residence, his constitutional status changes accordingly.").

Neither the Supreme Court nor the Ninth Circuit has decided whether the Due Process Clause requires an individualized bond hearing for a noncitizen subject to prolonged detention under § 1225(b)(1). *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1201, 1203 (9th Cir. 2022) (observing that neither the Supreme Court nor the Circuit has decided whether the Due Process Clause requires additional bond procedures under § 1226(a) or other immigration-detention statutes and prolonged detention under § 1226(a), without more does not require bond hearing). Thus, a review of Supreme Court's immigration-detention decisions must guide the analysis.

In *Zadvydas*, the Court construed 8 U.S.C. § 1231(a)(6), governing post-removal order detention, as containing an implicit temporal detention of a reasonable six-month period because the statute was ambiguous as to whether it authorized indefinite detention if there was not significant likelihood of removal in the reasonably foreseeable future. 533 U.S. 682, 701. In *Demore,* by contrast, the Court rejected a facial due process challenge to mandatory detention under § 1226(c), emphasizing that detention pending removal proceedings has a definite endpoint: a final removal decision. 538 U.S. at 529. Justice Kennedy further observed that an individualized inquiry could be constitutionally required if detention became unreasonable or unjustified. (*Id*. at 532) (Kennedy, J., concurring).

Most significantly, in *Jennings*, the Supreme Court distinguished detention under § 1231(a)(6) from detention under §§ 1225(b)(1) and (b)(2) because "while *Zadvydas* found § 1231(a)(6) to be ambiguous, the same cannot be said of §§ 1225(b)(1) and (b)(2): Both provisions <u>mandate</u> <u>detention</u> until a certain point and <u>authorize</u> <u>release</u> prior to that point <u>only</u> <u>under</u> <u>limited</u> <u>circumstances</u>." 583 U.S. 281, 296-97, 303-04 (emphasis added). While *Jennings* held that the immigration detention statutes do not create a right to periodic bond hearings based solely on the length of detention, it did not decide whether prolonged detention under § 1225(b), as applied in a particular case, may violate the Fifth Amendment. *See id.* at 308 (remanding constitutional claims for consideration).

District courts have reached differing conclusions when considering as-applied due

6

process challenges to prolonged detention under § 1225(b)(1). *Compare Doe v. Andrews*, 2026 WL 797694 (E.D. Cal. Mar. 22, 2026) (finding detention under § 1225(b)(1) for twenty months without a bond hearing a due process violation) with *Navarrete-Leiva v. Current or Acting U.S. Att'y Gen.*, 2024 WL 5111780, at *4 (E.D. Cal. Dec. 13, 2024) (finding no due process violation because detention had a defined endpoint and received two parole reviews).[6]

The assigned district judge has adopted the factors identified in *Lopez v. Garland*, 631 F. Supp. 3d 870 (2022), to assess whether detention under § 1225(b)(1) has become unreasonably prolonged to violate due process rights.[7] *Doe v. Andrews*, 2026 WL 797694, at *9-12, n.7 (E.D. Cal. Mar. 23, 2026) ("though *Lopez* concerned a due process challenge to mandatory detention under of § 1226(c), the factors enumerated there are, in essence, a truncated version of the factors enumerated in *Banda*, which concerned mandatory detention under of § 1225(b)(1)"); *see also Mirzada v. Warden*, 2026 WL 2030165, at *1 (E.D. Cal. July 14, 2026). Under *Lopez*, the Court considers: "the total length of detention to date, the likely duration of future detention, and the delays in removal proceedings caused by petitioner and the government." *Lopez*, 631 F. Supp. 3d at 879.

1. Length of detention

Petitioner has been detained since January 8, 2025, approximately nineteen months, without an individual bond hearing. (*See* Doc 23 at 5). Courts in this district have found detention under § 1225(b)(1), ranging from approximately fourteen to twenty-five months, to weigh in favor of a finding that detention is unreasonably prolonged. *Doe v. Andrews*, 2026 WL 797694, at *10 (collecting cases); *see also Houshmandimanloo v. Albarran*, 2026 WL 1459826, at *8 (E.D. Cal. May 22, 2026), *report and recommendation adopted* 2026 WL 1758399 (E.D. Cal. June 18, 2026) (noting other judges in this district have found detention for fourteen, fifteen,

---

[6] Neither Petitioner nor Respondents address whether Petitioner had a parole review, or whether he requested one.

[7] District courts have applied different formulations to this issue, including, but not limited to, the *Banda* factors and the balancing framework of *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See, e.g., Banda v. MacAleenan*, 385 F. Supp. 3d 1099, 1117–19 (W.D. Wash. 2019); *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772–73 (S.D. Cal. 2020). Given the assigned district judge's prior use of *Lopez* in § 1225(b)(1) cases, the Court applies that framework here.

seventeen and twenty months without a bond hearing was unreasonably prolonged, and other districts in the Ninth Circuit have found detention as short as seven months weighs toward a finding that detention is unreasonable).  Thus, this factor weighs in Petitioner's favor.

2.  Likely future detention

The IJ ordered Petitioner removal on April 22, 2026.  Petitioner appealed to the Board of Immigration Appeals on May 22, 2026, and the appeal remains pending; no briefing deadlines currently appear in the EOIR case-information system.  *See* https://acis.eoir.justice.gov/en/caseInformation  (case status determined with Petitioner's A-File Number) (last visited August 11, 2026)

While recognizing that "future events are difficult to predict," district courts in the Ninth Circuit have found that a decision on an asylum application pending review by the Board of Immigration Appeals ("BIA") and possible judicial review by the Ninth Circuit is likely to be of sufficient length that it weighs in favor of finding detention has become unreasonably prolonged. *See Banda*, 385 F. Supp. 3d at 1119 (noting if BIA affirms the IJ decision, a petitioner's appeal to the Ninth Circuit may take up to two years); *Akmal v. Warden of California City Det.*, 2026 WL 657606, at *7 (E.D. Cal. Mar. 9, 2026) (weighing factor in favor of petition when asylum appeal was pending review by the Ninth Circuit), *report and recommendation adopted*, 2026 WL 825750 (E.D. Cal. Mar. 25, 2026); *Houshmandimanloo*, 2026 WL 1459826, at *8 (finding the factor weighs in petitioner's favor noting up to two year delay as removal proceedings were stayed pending determination on his asylum application); *Lilian Awah Tandong v. Warden, California City Detention Facility*, 2026 WL 2280946, at *6 (E.D. Cal. Aug. 7, 2026) ("The fact that Petitioner is at the beginning of the appeal process is instructive").

The undersigned notes that the likely-duration factor is less probative in the § 1225(b)(1) context when future detention depends on the ordinary course of unresolved administrative and judicial review.  A petitioner who timely pursues available asylum and removal-review procedures will often face continued detention of uncertain duration; treating that prospect alone as favoring a due-process violation may therefore give the factor disproportionate weight.  As the Ninth Circuit cautioned in the § 1226(a) context, detention may not be deemed constitutionally

8

deficient merely because a noncitizen elects to pursue ordinary review of a removal order; otherwise, the statute could be unconstitutional as applied to "most any alien who elects to challenge a removal order, given the amount of time such a typical challenge takes." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022).

The Court recognizes that § 1225(b) (1) differs from § 1226(a) because it mandates detention and does not provide for a general bond hearing. Still, the anticipated duration of ordinary administrative and judicial review, without evidence of unusual delays or lack of reasonably foreseeable endpoint, does not by itself establish that Petitioner's detention has become unreasonably prolonged. The Court therefore affords this factor limited weight.

3. Responsibility for delay

The record shows Petitioner timely filed his appeal to the BIA following the IJ decision. *See*, https://acis.eoir.justice.gov/en/caseInformation (case status determined with Petitioner's A-File Number) (last visited August 11, 2026). Neither party identifies dilatory tactics, bad faith, or other delays attributable to Petitioner or Respondents. This factor is neutral. See *Doe v. Andrews*, 2026 WL 797694, at *11-12.

4. Balance of factors

Although § 1225(b)(1)(B)(ii) mandates detention during further consideration of an asylum application, *Jennings* leaves open an as-applied due-process challenge to prolonged detention. Applying the framework adopted by the assigned district judge, Petitioner's nineteen-month detention without an individualized bond hearing has become unreasonably prolonged. The Court therefore concludes that his continued detention violates the Fifth Amendment's Due Process Clause.

Accordingly, it is hereby RECOMMENDED:

1. Respondents' Motion to Dismiss (Doc. 24) be DENIED.

2. The First Amended Petition (Doc. 23) be GRANTED IN PART.

3. Respondents be directed to provide Petitioner an individualized bond hearing before an Immigration Judge within seven (7) days. At that hearing, the Government shall bear the burden of proving by clear and convincing evidence that Petitioner poses a

9

danger to the community or a flight risk.

4.  The Clerk be directed to close the case.

## NOTICE OF EXPEDITED OBJECTIONS

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Given the recommendation to grant the petition in part, a party may file written objections with the Court within five (5) days of service of these Findings and Recommendations.**  *Id*.; Local Rule 304(b) (permitting court to set a different time).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**.  The Court may not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:    August 14, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE