**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOSEN SAFAYET,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, Warden of California City Correctional, et al.,<br>Respondents. | Case No.: 1:26-cv-00126 JLT HBK (HC)<br>(A-File: 221-390-322)<br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING RESPONDENTS' MOTION TO DISMISS, AND GRANTING PETITION FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS IN PART<br>(Docs. 23, 24) |

Hosen Safayet is an immigration detainee in U.S. Immigration Customs and Enforcement custody at the California City Detention Center in California City, California, proceeding with appointed counsel on his first amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 23.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 14, 2026, the assigned magistrate judge issued Findings and Recommendations to grant the first amended petition in part and provide Petitioner with a bond hearing. (Doc. 27.) The Court served the Findings and Recommendations on all parties and notified them that any objections were due within five days after service. (*Id.*) On May 8, 2026, Respondents timely filed objections, reiterating the "reasons set forth" in their prior pleadings. (Doc. 28.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on August 14, 2026 (Doc. 27) are **ADOPTED** in full.
2. Respondents' Motion to Dismiss (Doc. 24) is **DENIED**.
3. The first amended petition for writ of habeas corpus (Doc. 23) is **GRANTED in part**.
4. **<u>Within 14 days</u>** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).
5. **<u>At least 72 hours before</u>** the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. Petitioner **SHALL** have the right to be represented by counsel at the hearing, and she **SHALL** be entitled to appear at the hearing. If her counsel has filed an appearance in the immigration proceedings, **<u>at least 72 hours before</u>** the hearing, counsel **SHALL** receive notice of the scheduled hearing.
6. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.
7. The Clerk of Court is directed to serve the California City Immigration Processing

Center in California City, California with a copy of this Order.

8. The Clerk of the Court is directed to terminate pending motions/deadlines and **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: _August 21, 2026_

UNITED STATES DISTRICT JUDGE